UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDOURAHMANE BOMOU,

Petitioner,

v.

UNKNOWN PARTY,

Respondent.

Case No. 1:26-cv-2205

Hon. Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on August 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the June 30, 2026, bond hearing and the July 1, 2026, continued bond hearing, on August 7, 2026.

(Resp., ECF No. 5; Recording of Jun. 30, 2026, Bond Hearing, filed on Aug. 7, 2026; Recording of Jul. 1, 2026, Continued Bond Hearing, filed on Aug. 7, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Senegal, who entered the United States on or about December 11, 2023. (Notice to Appear (NTA), ECF No. 1-1, PageID.19.) On July 29, 2025, ICE arrested Petitioner. Op., *Abdourahmane Bomou v. Raycraft* (*Bomou I*), No. 1:26-cv-1042 (W.D. Apr. 13, 2026) (ECF No. 5). On March 30, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Bomou I*. In *Bomou I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Bomou I*, (W.D. Mich. Apr. 13, 2026), (ECF Nos. 5, 6).

On April 17, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the conclusion of the April 17, 2026, hearing, the immigration judge, in a written order, denied Petitioner's request for bond because Petitioner "failed to show he is not a flight risk." (Immigration Judge Order, ECF No. 1-1, PageID.17.)

On June 3, 2026, Petitioner filed his second § 2241 petition, challenging the April 17, 2026, bond hearing. *Abdourahmane Bomou* (*Bomou II*) *v. Unknown Party*, No. 1:26-cv-1765 (W.D. Mich 2026). In *Bomou II*, the Court ordered Respondents to provide Petitioner with a bond hearing, "at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence." Op. & Jud., *Bomou II*, (W.D. Mich. Jun. 23, 2026) (ECF Nos. 8, 9).

Petitioner was scheduled for a bond hearing on June 30, 2026. (Recording of Jun. 30, 2026, Bond Hearing, filed on Aug. 7, 2026.) At that hearing, Petitioner indicated that he had an attorney

for purposes of his bond hearing, but that his attorney had not been informed of the hearing. (*Id.* at 5:00–6:05.) No attorney had filed an appearance on Petitioner's behalf. (*Id.* at 12:58–14:12.) Therefore, the Immigration Court rescheduled Petitioner's bond hearing for the following day to allow Petitioner the opportunity to contact his attorney. (*Id.* at 9:00–9:10.)

Petitioner's bond hearing was continued on July 1, 2026. (Immigration Judge Order, ECF No. 5-2, PageID.50.) At that continued hearing, the Immigration Judge confirmed that the hearing was rescheduled at Petitioner's request so that Petitioner could notify his attorney of the hearing. (Recording of Jul. 1, 2026, Continued Bond Hearing, 2:54–3:10, filed on Aug. 7, 2026.) Again, no attorney had filed an appearance on Petitioner's behalf. (*Id.* at 3:25–3:25; 9:50–10:12.) The Immigration Court staff attempted to contact the attorney identified by Petitioner by telephone; however, staff called the telephone number twice without any response. (*Id.* at 8:00–9:50.) At the conclusion of the July 1, 2026, continued bond hearing, the Immigration Judge, in a written order, denied Petitioner's request for bond because "[t]he Department of Homeland Security (DHS) has proven by clear and convincing evidence that respondent is a flight risk." (*Id.*)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not comply with the Court's order in *Bomou II*. (Pet., ECF No. 1, PageID.6.) Specifically, Petitioner argues that the Immigration Judge failed to conduct the hearing within five business days and failed to provide Petitioner with proper notice. (*Id.*)

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing and continued bond hearing, there is no indication in the record of any constitutional error. Petitioner's hearing was continued until July 1, 2026, based solely on Petitioner's representations that he had retained an attorney for purposes of his bond hearing. The record makes

clear that Petitioner was given appropriate notice of the original and the continued hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 11, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE